1

2

3

4

5

6

7

8             IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JAMES ANTHONY GUERRERO,

11            Plaintiff,              No. CIV S-10-0318 GEB DAD P

12      vs.

13   S. McCLURE, et al.,

14            Defendant.             ORDER

15   _____/

16            Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

17   42 U.S.C. § 1983.  Defendant McClure is represented by attorney Matthew Wilson of Williams

18   and Associates.  Defendants Ferguson, Fecht, Fox and Montes are represented by Deputy

19   Attorney General Samantha H. Ramsey of the California Attorney General's Office.  Before the

20   court are five separate motions to compel discovery filed on behalf of each of the defendants,

21   plaintiff's request for assignment of an inmate legal assistant, and plaintiff's motion for leave to

22   file an amended complaint.

23            Back on June 29, 2010, the court filed its discovery and scheduling order in this

24   action which set October 22, 2010 as the deadline for conducting discovery and filing motions to

25   compel discovery.  Defendants' pending motions to compel discovery were timely filed.  By

26   order filed on January 10, 2011, the court's discovery and scheduling order was vacated with

1

respect to the deadline for the filing of dispositive motions and the parties were instructed that a

new deadline would be set in that regard, if necessary, following resolution of the pending

discovery motions.   Below, the court will address each of the parties' pending motions.

I. **Defendant McClure's Motion to Compel Responses to Interrogatories**

    Defendant McClure seeks an order compelling plaintiff to provide supplemental

responses to the following six interrogatories:

> **Interrogatory No. 1**:  If your response to Request for Admission No. 1, served concurrently with these interrogatories, is anything other than an unqualified admission, please state all facts, including the names, addresses and telephone numbers of witnesses, that you claim support your contention that McCLURE subjected you to excessive force.
>
> **Interrogatory No. 2:**  If your response to Request for Admission No. 2, served concurrently with these interrogatories, is anything other than an unqualified admission, please state all facts, including the names, addresses and telephone numbers of witnesses, that you claim support your contention that McCLURE violated your rights under the Eighth Amendment.
>
> **Interrogatory No. 3:**  If your response to Request for Admission No. 3, served concurrently with these interrogatories, is anything other than an unqualified admission, please state all facts, including the names, addresses and telephone numbers of witnesses, that you claim support your contention that McCLURE was deliberately indifferent to your medical needs.
>
> **Interrogatory No. 4:**  If your response to Request for Admission No. 4 served concurrently with these interrogatories, is anything other than an unqualified admission, please state all facts, including the names, addresses and telephone numbers of witnesses, that you claim support your contention that McCLURE violated your rights under the First Amendment.
>
> **Interrogatory No. 5:**  If your response to Request for Admission No. 5, served concurrently with these interrogatories, is anything other than an unqualified admission, please state all facts, including the names, addresses and telephone numbers of witnesses, that support your contention that McCLURE violated your constitutional rights.
>
> **Interrogatory No. 6:**  If your response to Request for Admission No. 6, served concurrently with these interrogatories, is anything other than an unqualified admission, please state all facts, including the names, addresses and telephone numbers of

1     witnesses, that support your contention that you suffered an injury
      as a result of the actions of McCLURE.

2

3 (Doc. No. 27-3 at 3-5.)  In responding to each of defendant's requests for admission referred to in

4 these six interrogatories, plaintiff merely responded, "False."  (Id. at 8-9.)  In responding to each

5 of the six interrogatories set forth above, plaintiff stated only:  "You will be sent documents as

6 soon as availible [sic].  See complaint also."  (Id. at 3-5.)

7     Defendant McClure argues that plaintiff provided evasive responses to these six

8 interrogatories, each of which sought relevant, non-privileged information.  Defendant McClure

9 also argues that plaintiff did not object to these interrogatories, but instead has "chosen to

10 provide absolutely no factual basis for his claims[.]" (Doc. No. 27-1 at 3.)  In addition to an

11 order requiring supplemental responses to the six interrogatories in question, defendant seeks an

12 order requiring plaintiff to pay $752.50 in attorney's fees in connection with the motion to

13 compel pursuant to Rule 37(a)(5) of the Federal Rules of Civil Procedure.  The requested amount

14 is based on the 2.8 hours counsel alleges to have spent in preparing the motion to compel and the

15 1.5 hours counsel anticipates will be spent to review plaintiff's opposition to the motion to

16 compel.  (Doc. No. 27-2 at 2.)

17     On September 8, 2010, plaintiff filed his opposition to the motion to compel in

18 which he argues that his responses to defendant McClure's interrogatories were not evasive or

19 unresponsive.  (Doc. No. 28 at 1.)  Plaintiff asserts that he was being truthful when he informed

20 defense counsel that complete addresses would be provided when plaintiff obtained that

21 information since he does not have access to inmate files or the addresses of prison staff.  (Id.)  In

22 addition, plaintiff asserts that in his discovery responses, he made reference to his complaint

23 because the names of witnesses to the relevant events are listed in his complaint.  (Id.)  As to

24 defendant's request for attorney fees, plaintiff argues that fees and costs should not be awarded

25 because there was no intention on his part to delay or to refuse to provide answers to the

26 interrogatories posed by defendants.  (Id. at 2.)  Plaintiff also states that he is willing to meet and

confer with defense counsel and that he has signed a consent form allowing the defense to obtain

his medical records.  (Id.)  Finally, plaintiff suggests that "[b]etween the medical file, and the

complaint, all Plaintiff's claims are stated."  (Id.)

Counsel for defendant McClure has filed a reply to plaintiff's opposition.  (Doc.

No. 29.)  Therein defense counsel reasserts that plaintiff's responses to the six interrogatories at

issue are evasive and non-responsive.  Counsel notes that those interrogatories required plaintiff

to provide "'all facts'" supporting his claims against defendant McClure and that plaintiff failed

to meaningfully respond.  (Id. at 2.)  As to plaintiff's statement that he is willing to meet and

confer, counsel for defendant McClure asserts that he is not required to meet with plaintiff in

order to obtain adequate responses to the interrogatories.[1]  (Id.)  Because plaintiff has failed to

provide justification for his failure to respond to the interrogatories, counsel reasserts that an

order requiring the payment of defendant McClure's attorney fees in connection with the motion

to compel in the amount of $752.50 is appropriate.  (Id. at 3.)

Having considered the arguments of the parties, the court will order plaintiff to

provide supplemental responses to the six interrogatories set out above.  Plaintiff is cautioned

that he must provide the names, addresses and telephone numbers of his witnesses.  If he is not in

possession of the requested information, he should so state in his response to that particular

interrogatory.  In addition, plaintiff must make a good faith effort to provide the facts which he

claims support his claims where requested by defendant's interrogatories.  Plaintiff is advised

that simply responding to such interrogatories by stating, "see complaint" is not sufficient.  See

Hickman v. Taylor, 329 U.S. 495, 507 (1947) ("Mutual knowledge of all the relevant facts

/////

/////

---

[1]  Defendant is correct on this point.  Pursuant to the court's discovery and scheduling order, the provision of Local Rule 251 requiring parties to confer before filing a motion under Rules 26 and 37 of the Federal Rules of Civil Procedure does not apply to this case.

1  gathered by both parties is essential to proper litigation.  To that end, either party may compel the
2  other to disgorge whatever facts he has in his possession.").[2]

3          However, the court will at this time deny defendant McClure's request for an
4  order requiring plaintiff to pay defendant's attorney fees incurred in connection with the motion
5  to compel.  Under Rule 37(a)(5) the court is to order a party to pay the moving party's reasonable
6  expenses for making a successful motion to compel unless, among other circumstances, the
7  "circumstances made an award of expenses unjust."  Fed. R. Civ. P. 37(a)(5)(iii).  Here, the court
8  is unpersuaded that plaintiff, a prisoner who is proceeding pro se and who did not ignore or
9  completely fail to respond to the discovery requests, acted in bad faith and/or intended his
10 answers to the interrogatories in question to be evasive or non-responsive.  Under these
11 circumstances an award of the requested $752.50 in attorneys fees would be unjust.  See Becker
12 v. Dahl, No. CIV S-10-0519 FCD EFB P, 2011 WL 121697, at *4 (E.D. Cal. Jan. 13, 2011).
13 However, plaintiff is cautioned that should he fail to provide the supplemental responses as
14 ordered by the court, the court will entertain a renewed motion to compel with a request for the
15 award of expenses.

16 II.  **Motions to Compel By Defendants Fecht, Ferguson, Fox and Montes**

17         On September 24, 2010, counsel on behalf of defendants Fecht, Ferguson, Fox
18 and Montes filed four separate motions to compel further responses to requests for admissions
19 and interrogatories.  On October 5, 2010, plaintiff filed a single opposition in response to those
20 motions.  (Doc. No. 35.)  On October 11, 2010, counsel on behalf of these four defendants filed a
21 single reply.  (Doc. No. 36.)

22

23         [2]  On the other hand, discovery practice is not a contest in which counsel is allowed to
24 take advantage of a pro se litigant.  The efficiency of pursuing extensive written discovery in an
   action involving a pro se litigant is certainly subject to question.  If the court determines that
   information being sought by defendants is more efficiently obtained through the taking of
25 plaintiff's deposition rather than through voluminous and detailed written discovery, the court
   will exercise its authority to manage discovery by denying future motions to compel
26 supplemental responses to written discovery and directing the taking of plaintiff's deposition.

**A.  Defendant Fecht's Motion to Compel** (Doc. No. 31)

Defendant Fecht seeks to compel further responses to his three interrogatories and request number 3 of his request for admissions.  Those discovery requests and responses are as follows:

> **Request for Admission No. 3**:  Other than the retaliation and due process claims referred to in Request No. 1 and Request No. 2 of this document, you are asserting no additional claims against Defendant Fecht.
>
> Response:  No, this is false.  I reserve the right to state my claims as they arise.  There is no answer to this statement of yours.  [sic] If you would like to know something specific, let me know and I will answer you <u>specific</u> questions.
>
> **Interrogatory No. 1**:  For each and every response to Defendant Fecht's Requests for Admission that is not an unequivocal, unqualified admission, please state each and every fact, including dates, supporting your response.
>
> Response:  See complaint.  Also, I am not sure what it is you are saying, is this a question, or a statement.  [sic]
>
> **Interrogatory No. 2:**  For each and every response to Defendant Fecht's Requests for Admission that is not an unequivocal, unqualified admission, please identify each and every person by name and address who has knowledge of any facts supporting your response.  (For inmate witnesses, include their CDCR number.)
>
> Response:  Any name or address that is not listed in the complaint will be given to you as soon as it becomes available.
>
> **Interrogatory No. 3:**  For each and every response to Defendant Fecht's Requests for Admission that is not an unequivocal, unqualified admission, please identify each and every document on which you base your response.
>
> Response:  See complaint.  Any document you seek will have to be stated with specificity.  I am not sure what it is you are requesting.

(Doc. No. 31-2 at 3-4 and 10.)

As to his third request for admissions, defendant Fecht argues that plaintiff's response is ambiguous and non-responsive because plaintiff neither admits nor denies that his claims are limited to those for retaliation and a violation of due process.  (<u>Id.</u> at 31-1 at 3.)

6

1  Counsel for defendant Fecht represents that she arranged for a meet-and-confer session with

2  plaintiff by video-conferencing but that plaintiff at that time offered no clarification of his

3  responses, but rather merely repeated his response that everything defendant Fecht seeks though

4  discovery is in his complaint.  (Id.)  Furthermore, counsel argues that plaintiff's statement that he

5  reserves the right to "state [his] claims as they arise" is inaccurate because plaintiff may allege

6  additional claims only if the court were to grant him leave to file an amended complaint.  (Id.)

7           As to plaintiff's responses to defendant Fecht's interrogatories, counsel argues

8  that plaintiff failed to respond to each interrogatory separately and fully as required by Rule

9  33(b)(3) of the Federal Rules of Civil Procedure.  (Id. at 3-5.)  Defendant Fecht also argues that

10 plaintiff has delayed this litigation, has not acted in good faith and caused defendant to incur

11 unnecessary costs in scheduling, preparing for and conducting the meet-and-confer video-

12 conferencing on September 3, 2010.  (Id. at 5.)  Accordingly, defendant Fecht seeks an order

13 requiring plaintiff to pay $850 in expenses incurred by defendant in bringing this motion to

14 compel.  (Id. at 6.)  Defendant also requests an order staying discovery and the deadlines set in

15 the court's June 29, 2010 scheduling order, pending resolution of this motion to compel in order

16 to avoid incurring the cost of deposing plaintiff in the event that further responses to the

17 discovery requests render a deposition unnecessary.  (Id.)

18          In his opposition, plaintiff does not refer specifically to defendant Fecht's motion

19 to compel.  Instead, plaintiff makes a general statement that he is "being as truthful and

20 forthcoming as possible.  The plaintiff does not possess any of the documents, or, [sic] facts that

21 are being asked for by the four defendants in this case."  (Opp'n at 1.)  Plaintiff asserts that he

22 attempted to have further discussion with defense counsel after the meet and confer.  (Id. at 2.)

23 Plaintiff emphasizes that he is proceeding pro se and "is not a sophisticated litigant[,]" that he is

24 not attempting to evade responding to the defendants' discovery requests, and that he should not

25 "be expected to proceed according to every rule of law, or rule of court."  (Id.)  According to

26 plaintiff, when he has referred to his complaint in responding to discovery requests, "this is his

attempt to say, all of the beliefs and claims stated by the plaintiff are written in his complaint."

(Id.)  As to defendants' request for the award of monetary sanctions, plaintiff explains that when

he attended the meet and confer conference with counsel, he believed that "any statement would

be used against him if he was incorrect or answered without proper evidence of which he did not

possess at the meet and confer." (Id. at 3.)  Finally, plaintiff states that he has "a legal assistant

willing to help the plaintiff in this matter [and who] is waiting for an order by this court[.]" (Id.)

According to plaintiff, this person is willing to provide him with free legal assistance.  (Id.)

       Defendants have filed a joint reply, arguing that plaintiff's opposition to the

motion to compel should be stricken because plaintiff failed to identify which defendant's

motion he was addressing therein.  (Doc. No. 36 at 2.)  Defendant Fecht also contends that

plaintiff is not being forthcoming when he argues that he does not possess documents or facts

being requested by defendants.  (Id.)  Defendants clarify that they have not requested the actual

production of documents but only that plaintiff identify the documents that he believes support

his claims.  (Id.)  In addition, defendants contend that if plaintiff does not possess any of the facts

requested by defendants he is essentially conceding that he does not know what his claims are.

(Id.)  As to plaintiff's assertion that he tried to reopen communication with defense counsel

following the meet-and-confer, defendants argue that they should not be required to expend

further time and resources attempting to schedule a video conference or teleconference with

plaintiff, especially since such conferencing is not easily arranged due to lack of resources caused

by the current state budget crisis.  (Id. at 2-3.)[3]  Lastly, defendants acknowledge that plaintiff's

pro per status requires the granting of some latitude with respect to his pleadings and his

litigation of this action in general, but they argue that through their discovery requests they have

only asked plaintiff to identify, clarify and support his claims.  (Id. at 3.)  Defendants contend

---

[3]  As noted above, pursuant to the court's discovery and scheduling order, the provision
of Local Rule 251 requiring parties to confer before filing a motion under Rules 26 and 37 of the
Federal Rules of Civil Procedure does not apply to this case.

1    they will be prejudiced if plaintiff's conduct in failing to provide that information goes

2    unsanctioned.  (Id.)

3              Defendants are correct that plaintiff was to file opposition to each of the

4    defendants' motions to compel.  However, in the interest of justice, the court will accept

5    plaintiff's single opposition as his opposition to the four separate, but very similar, motions to

6    compel brought on behalf of defendants Fecht, Ferguson, Fox and Montes.

7              As to defendant Fecht's motion to compel the court will order plaintiff to provide

8    supplemental responses to the three interrogatories at issue but deny the motion with respect to

9    the request for admission.

10             With respect to defendant Fecht's interrogatories numbered one through three,

11   plaintiff is advised that his responses merely referring to the allegations of his complaint are

12   insufficient.  Plaintiff's complaint is not a model pleading and the defendants are entitled through

13   discovery to determine the facts, witnesses and documents that plaintiff believes support his

14   claims against defendant Fecht.  Accordingly, plaintiff will be ordered to provide supplemental

15   responses to defendant Fecht's interrogatories one through three, reflecting a good faith effort on

16   plaintiff's part to respond to those interrogatories.[4]

17             With respect to defendant Fecht's request for admission placed at issue by the

18   pending motion to compel, the court finds that plaintiff's response thereto is fairly characterized

19   as a denial.  Accordingly, no further response will be required.[5]

20             Finally, the court will deny defendant's request for $850 in expenses incurred by

21   defendant in bringing this motion to compel.  For the same reasons as indicated above with

22   respect to the similar request made on behalf of defendant McClure, the court is not persuaded

23   
        ----

          [4] See footnote 2, above.

24   
25        [5] However, plaintiff is advised that this action is proceeding only on the claims that are
     presented in his original complaint which remains the operative pleading before this court.
     Plaintiff may not add additional claims "as they arise" without the granting of leave to amend his
26   complaint by the court.

                                                         9

1  that plaintiff was acting in bad faith when he responded as he did to defendant Fecht's discovery

2  requests.  The pro se plaintiff did not ignore or completely fail to respond to the discovery

3  requests.  Under these circumstances an award of the requested $752.50 in attorneys fees would

4  be unjust.  However, plaintiff is again cautioned that should he fail to provide the supplemental

5  responses to defendant Fecht's interrogatories as ordered, the court will entertain a renewed

6  motion to compel along with a request for the award of expenses.

7  **B.  Defendant Ferguson's Motion to Compel**

8        Defendant Ferguson seeks supplemental responses from plaintiff to the following

9  three interrogatories:

10  **Interrogatory No. 1**: For each and every response to Defendant
    Ferguson's Requests for Admission that is not an unequivocal,
11  unqualified admission, please state each and every fact, including
    dates, supporting your response.

12
    Response: Part of my claim against Ferguson is retaliation, you
13  have not given me a question, please specify your requested
    information.  The majority of my claims are easily obtained by
14  reading the complaint.

15  **Interrogatory No. 2**: If each and every response to Defendant
    Ferguson's Requests for Admission that is not an unequivocal,
16  unqualified admission, please identify each and every person by
    name and address who has knowledge of any fact supporting your
17  response.  (For inmate witnesses, include their CDCR number.)

18  Response:  See complaint.  They are all listed.

19  **Interrogatory No. 3**: For each and every response to Defendant
    Ferguson's Requests for Admission that is not an unequivocal,
20  unqualified admission, please identify each and every document on
    which you base your response.

21
    Response: Plaintiff has provided most of the documents requested
22  up until this point.  Further documents will be provided as they
    become available or requested.

23

24  (Doc. No. 32-2 at 3-4.)

25        Defendant Ferguson also seeks a supplemental response from plaintiff to the

26  following request for admission:

**Request for Admission No. 1**: Your claim against Defendant Ferguson is limited to the allegation that Defendant Ferguson retaliated against you between April 23, 2009, and May 29, 2009, because you filed a complaint of excessive force against Defendant McClure, as alleged on page 15, paragraph 33, of your complaint.

Response: No, my claim against ferguson [sic] is not limited to retaliation.  That is part of the complaint as stated.

(Doc. No. 32-2 at 9.)

In addition to seeking an order compelling further responses to these discovery requests, defendant Ferguson seeks an order compelling plaintiff to pay his expenses incurred in the bringing of this motion to compel in the amount of $850.00.

As to interrogatory number one, defendant Ferguson argues that under Rule 33(a)(3)(B) of the Federal Rules of Civil Procedure, he is entitled to a separate and full response to this interrogatory and that the answer provided by plaintiff is non-responsive and of no use to him.  (Doc. No. 32-1 at 3.)  Defendant Ferguson asserts that plaintiff should be compelled to list all facts supporting his position that his claims against defendant Ferguson is not limited to one of unlawful retaliation.  (Id.)  Defendant Ferguson also point out that although plaintiff initially expressed some confusion or difficulty in interpreting these interrogatories, at the meet-and-confer conference plaintiff did not ask for clarification of the interrogatories and offered no further information nor made any effort to resolve any misunderstanding about the nature of the inquiry posed by the interrogatories.  (Id.)  According to defense counsel, at that conference plaintiff only stated that everything defendant Ferguson seeks through discovery is set forth within the complaint filed in this action.  (Id.)

In opposition, plaintiff argues that defendant Ferguson's first request for admission "is not a question, this is a statement" which plaintiff "attempted to answer . . . as best as he could."  (Opp'n (Doc. No. 35) at 2.)  As noted above, plaintiff also argues that he is a pro se litigant, that he is not attempting to evade discovery and that he believes that all the information defendants are seeking is set forth in his complaint.  (Id.)  Plaintiff also acknowledges that at the

11

1  meet-and-confer session he was reluctant to make statements to defense counsel because he

2  believed that his statements required accuracy and supporting evidence or those statements could

3  be used against him.  (Id.)

4     As indicated above, defendants filed a joint reply attacking plaintiff's opposition

5  as failing to identify which motion to compel he was opposing and as unresponsive to the

6  disputed discovery requests.  (Reply (Doc. No. 36) at 1.)  In addition, defendants argue that

7  plaintiff's correspondence after the meet-and-confer dis not cure his refusal to cooperate in

8  resolving the discovery dispute at that meet-and-confer session.  (Id.)  Finally, defendants argue

9  that through their discovery requests they have merely asked plaintiff to identify and provide the

10  evidence and facts he believes support his claims and that plaintiff has refused to meaningfully

11  respond.  (Id. at 3.)

12     Consistent with the conclusions reached above with respect to the other pending

13  motions to compel, plaintiff will be ordered to provide supplemental responses to defendant

14  Ferguson's three interrogatories.  As noted above, defendant are entitled to have plaintiff identify

15  the factual basis, the witnesses and the documents that support his claims against them.  This is

16  particularly true in the case of defendant Ferguson, since plaintiff's response to defendant

17  Ferguson's request for admission suggests that his claims against defendant Ferguson are not

18  limited to a claim of unlawful retaliation.  With respect to defendant Ferguson's request for

19  admission placed at issue by the pending motion to compel, the court finds that plaintiff's

20  response thereto is fairly characterized as a denial.  Accordingly, no further response to the

21  request for admission will be required.  Finally, for the same reasons set forth above, the court

22  will deny defendant Ferguson's request for an order requiring plaintiff to pay expenses in

23  connection with the bringing of this motion.  Plaintiff is again advised that should he fail to

24  comply with the court's order by making a good faith attempt to provide supplemental answers

25  /////

26  /////

1  responsive to these interrogatories, defendant Ferguson may renew his request for the award of

2  sanctions.[6]

3      **C. Defendant Fox's Motion to Compel**

4      Defendant Fox seeks to compel supplemental responses to the following three

5  interrogatories and one request for admission, along with an order requiring plaintiff to pay

6  expenses in the amount of $850.00 in connection with the bringing of his motion.  The discovery

7  requests and plaintiff's responses thereto placed at issue by this motion are as follows:

8      **Request for Admission No. 1**: Your claim against Defendant Fox
    is limited to the allegation that Defendant Fox retaliated against
9      you between April 23, 2009, and May 29, 2009, because you filed
    a complaint of excessive force against Defendant McClure, as
10      alleged on page 15, paragraph 33, of your complaint.

11      Response: No, part of my claim is retaliation, the rest is stated in
    the complaint.
12

13      **Interrogatory No. 1**: For each and every response to Defendant
    Fox's Request for Admission that is not an unequivocal,
    unqualified admission, please state each and every fact, indicating
14      dates, supporting your response.

15      Response: See complaint.

16      **Interrogatory No. 2**: For each and every response to Defendant
    Fox's Requests for Admission that is not an unequivocal,
17      unqualified admission, please identify each and every person by
    name and address who has knowledge of any fact supporting your
18      response.  (For inmate witnesses, include their CDCR number.)

19      Response: Addresses are hard to find as an inmate, but they will be
    provided when obtained by the plaintiff.
20

21      **Interrogatory No. 3**: For each and every response to Defendant
    Fox's Requests for Admission that is not an unequivocal,
22      unqualified admission, please identify each and every document on
    which you base your response.

23      Response: Most documents are attached to the complaint.  Which
    document is it that you seek. [sic]
24      All documents will be given to you upon their being available.

25  

26      [6] <u>See</u> footnote 2, above.

1   (Doc. No. 33-2 at 12-13 & 18.)

2           Defendant Fox contends that plaintiff's response to his request for admission is

3   "ambiguous and nonresponsive" because it neither admits nor denies that his claims against

4   defendant Fox are limited to a claim of unlawful retaliation.  (Doc. No. 33-1 at 3.)  Defendant

5   Fox asserts that he is entitled to know the nature of the claims that plaintiff is pursuing against

6   him.  (Id.)  Defendant Fox contends that at the meet-and-confer conference, plaintiff offered no

7   clarification of his response in this regard and only repeated his response that everything the

8   defendants seeks through discovery is set forth in his complaint.  (Id.)

9           As to his first interrogatory, defendant Fox argues that the answer plaintiff

10  provided is non-responsive and that plaintiff should be compelled to list all facts in support of his

11  response that his claims against defendant Fox are not limited to one of unlawful retaliation.  (Id.

12  at 4.)  As to interrogatory number two, defendant Fox argues that plaintiff has no valid excuse for

13  not providing the CDCR number(s) of any inmate witness to the events involved in his claim(s)

14  and that for correctional staff witnesses plaintiff could have provided the prison address in his

15  response.  (Id.)  Finally, as to his third interrogatory defendant Fox assets that rather than

16  requesting plaintiff to produce documents in support of his claims, he merely asked plaintiff to

17  identify all documents that plaintiff believes provide the basis for his response to the request for

18  admission in which plaintiff stated that his claims against defendant Fox are not limited to one of

19  unlawful retaliation.  (Id. at 5.)

20          Plaintiff's single opposition provides the arguments noted above.  The arguments

21  set forth in the single reply filed on behalf of defendants Ferguson, Fecht, Fox and Montes have

22  also been summarized above.

23          The court will again order plaintiff to provide supplemental responses to the three

24  interrogatories posed by defendant Fox.  However, plaintiff's response to the request for

25  admission posed by defendant Fox is fairly characterized as a denial.  Accordingly, no further

26  response to defendant Fox's request for admission will be ordered.  For the same reasons

14

1  explained above, the court will deny defendants' request for an order compelling plaintiff to pay

2  expenses in connection with the bringing of the motion is denied without prejudice.  Both parties

3  are reminded of the admonitions set forth above.

4  **D.  Motion to Compel Brought on Behalf of Defendant Montes**

5  Defendant seeks to compel further responses to the following three interrogatories

6  and one request for admission:

7  **Request for Admission No. 1**: Your claim against Defendant
   Montes is limited to the allegation that Defendant Montes

8  retaliated against you between April 23, 2009, and May 29, 2009,
   because you filed a complaint of excessive force against Defendant

9  McClure, as alleged on page 15, paragraph 33, of your complaint.

10 Response: False.  That is part of my claim.

11 **Interrogatory No. 1**: For each and every response to Defendant
   Montes's Requests for Admission that is not an unequivocal,

12 unqualified admission, please state each and every fact, including
   dates, supporting your response.

13
   Response: See complaint.  Also, the plaintiff does not understand

14 the nature of these vague requests.

15 **Interrogatory No. 2**: For each and every response to Defendant
   Montes's Requests for Admission that is not an unequivocal,

16 unqualified admission, please identify each and every person by
   name and address who has knowledge of any fact supporting your

17 response.  (For inmate witnesses, include their CDCR number.)

18 Response: Any name not listed in the complaint will be given to
   the defendants upon it being obtained.

19
   **Interrogatory No. 3**: For each and every response to Defendant

20 Montes's Requests for Admission that is not an unequivocal,
   unqualified admission, please identify each and every document on

21 which you base your response.

22 Response: See complaint.  Also, which document is it you seek.
   [sic]

23

24 (Doc. No. 34-2 at 3-4 & 9.)  Defendant Montes also seeks an order requiring plaintiff to pay

25 expenses in connection with the bringing of the motion to compel in the amount of $850.00.

26 /////

1          As to his request for admission, defendant Montes argues that plaintiff's response

2    neither admits nor denies that his claims against defendant Montes are limited to one of unlawful

3    retaliation.  Defendant Montes contends that the words "False," "That," and "Part" used by

4    plaintiff in his response are ambiguous.  (Doc. No. 34-1 at 3.)  As to interrogatory number one,

5    defendant Montes argues that plaintiff's merely referring to his complaint is not responsive to the

6    interrogatory.  (Id. at 4.)  As to his second interrogatory, defendant Montes argues that the answer

7    provided by plaintiff is again non-responsive and that plaintiff has no valid reason not to identify

8    witnesses in support of his claims, as well as provide the CDCR numbers or prison address for

9    correctional staff witnesses.  As to interrogatory number three, defendant Montes asserts that this

10   interrogatory does not request that plaintiff produce documents but instead merely asks that

11   plaintiff identify the documents supporting his assertion that his claims against defendant Montes

12   are not limited to one of unlawful retaliation.  (Id. at 5.)

13          Plaintiff's joint opposition to defendants' numerous, near-identical motions to

14   compel and defendants' joint reply have been summarized above and will not be repeated here.

15          Consistent with the analysis set forth above and for the same reasons, the court

16   will grant defendant Montes' motion to compel in part and order plaintiff to provide

17   supplemental responses to defendant Montes' interrogatories one, two and three.  However,

18   plaintiff's response to the request for admission posed by defendant Fox is fairly characterized as

19   a denial.  Accordingly, no further response to defendant Fox's request for admission will be

20   ordered.  Finally, the court will deny defendants' request for an order compelling plaintiff to pay

21   expenses in connection with the bringing of the motion is denied without prejudice.  Both parties

22   are reminded of the admonitions set forth above regarding the appropriate and practical manner

23   in which to conduct discovery in this action.

24   III.  **Plaintiff's Motion for Legal Assistant**

25          Plaintiff has filed a motion requesting that the court appoint inmate Peralta, a

26   prisoner at Mule Creek State Prison, as plaintiff's legal assistant in this action.  In this regard,

plaintiff requests that Mr. Peralta be allowed to attend future discovery conferences and depositions, as well as to review the "hundreds of documents" related to this action and to advise plaintiff on how to proceed in this litigation.

The court will deny the request as moot.  On September 14, 2011, plaintiff filed a notice of change of address.  Plaintiff is now incarcerated that the California State Prison - Corcoran.[7]

## IV.  **Plaintiff's Motion for Leave to File an Amended Complaint**

Finally, plaintiff has also filed a motion seeking the granting of leave to file an amended complaint.  Therein, plaintiff states that he seeks to "release Mr. Montes as a Defendant[,]" and to add as defendants associate warden V. Singh, acting warden John Haviland, Dr. C. Galang, Dr. J. Dowbak[8] and Doe Defendants One to Five.  Plaintiff contends that defendants Singh, Haviland, Galang and Dowbak  "conspired with original named Defendants to violate Plaintiff's First, Sixth and Fourteenth Amendments to the United States Constitution." (Mot. at 2.)  Plaintiff asserts that the Doe defendants he now wishes to name  "may have culpability in the retaliation and denial of due process violations of Plaintiff's First, Sixth and Fourteenth Amendment Rights[.]"  (Id.)  Lastly, plaintiff seeks to amend his request for relief to delete the requests for a declaratory judgment and injunctive relief, and to amend his request for monetary damages "to reflect more reasonable amounts commensuable [sic] to the pain and suffering endured, and the permanent disability visited upon Plaintiff."  (Id.)  With his motion to

/////

---

[7]  Plaintiff is also advised that, in any event, a non-lawyer may not represent anyone but himself in a legal action.  Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997); C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987).  While plaintiff may seek informal assistance from fellow inmates at his institution of incarceration, those inmates may not represent him in these proceedings.  Unless he were to obtain counsel, plaintiff must represent himself in this action and is responsible for prosecuting this action and complying with the applicable rules of procedure and this court's orders.

[8]  Defendants Galang and Dowbak are identified as being employed at the San Joaquin County General Hospital.

1    amend, plaintiff has filed a proposed amended complaint.  Counsel for defendants have filed an

2    oppositions and plaintiff has filed a reply.

3              Counsel for defendant McClure argues that plaintiff's motion to amend should be

4    denied because granting leave to amend would be prejudicial to the defendants at this late date.[9]

5    (McClure Opp'n at 3-4.)  Counsel points out that defendant McClure has already conducted

6    written discovery and responded to plaintiff's discovery.  (Id. at 4.)  He argues that plaintiff's

7    proposed amendments would constitute a major revamping of the lawsuit and that plaintiff's

8    proposal to add Doe defendants to his complaint "makes clear that the plaintiff seeks to conduct

9    further discovery into his case and, undoubtedly, seek to amend his complaint again at some

10   future time when he learns the identify of yet more persons he wishes to add to his lawsuit."  (Id.)

11   According to counsel, this would necessarily require the court to screen the amended complaint,

12   service of process on new defendants who, in turn, will be required to obtain legal representation,

13   the filing of responsive pleadings, the granting of additional time to conduct discovery and the

14   modification of the court's scheduling and discovery order.  (Id.)  Counsel asserts that this would

15   "dramatically drag out the life of this lawsuit, allowing memories to fade, and severely prejudice

16   McCLURE, who would now be defending an entirely different lawsuit."  (Id.)  Counsel also

17   contends that plaintiff has not shown good cause for seeking leave to amend at this time nor

18   explained why it took more than eight months after the close of discovery to bring his motion to

19   add defendants and to redefine his claims.  (Id.)

20             Defendants Ferguson, Fecht, Fox and Montes also oppose plaintiff's motion for

21   leave to amend.  They argue that plaintiff has failed to provide any reason for his request to

22   amend at this late date nor has he explained why he could not have originally pled what he now

23   seeks to plead in his proposed amended complaint.  (Defs.' Mot. at 3.)  As to the proposed new

24   defendants plaintiff seeks to add, these defendants argue that plaintiff has made only a conclusory

25

26          [9]  Defendant McClure requests judicial notice of plaintiff's complaint, the defendants'
     answers, and the court's discovery and scheduling order will be denied as unnecessary.

statement that they violated his First, Sixth, and Fourteenth Amendment right but has provided

no factual assertions justifying leave to amend for that purpose.  (Id.)  Defendants argue that

plaintiff's description of Doe defendants "'who may have culpability in the retaliation' is nothing

more than a request to leave his complaint open-ended for the duration of the litigation."  (Id.)

Defendants also contend that plaintiff's request is not supported by the law.  (Id.)  Next,

defendants argue that they would be substantially prejudiced if plaintiff is allowed to proceed

with his proposed amended complaint.  (Id. at 4.)  In this regard, defendants contend that it would

extend their involvement in the litigation, require them to "reach back even further in time for

evidence to support their defense[,]" and incur more costs in litigating their defense in light of

plaintiff's uncooperative and time-consuming conduct in responding to their discovery requests.

(Id.)  Furthermore, defendants argue that the naming of additional defendants will delay the

resolution of this lawsuit, memories will fade, and they will be unfairly prejudiced and forced to

defend a wholly different lawsuit.  (Id. at 4-5.)  Finally, defendants argue that plaintiff has not

addressed his delay in seeking leave to amend.  Defendants point out that the involvement of

Associate Warden Singh and Acting Warden Haviland should have been known to plaintiff in

2009, when they were involved in the rules violation report issued to plaintiff and in responding

to plaintiff's staff complaint.  (Id. at 5-6.)  As to plaintiff's proposed amendment to add

defendants Galang and Dowbak, defense counsel argues that plaintiff has offered no factual

allegations in his proposed amended complaint with respect to their involvement in the violation

of his rights and no explanation as to why these individuals could not have been named as

defendants in his original complaint.  (Id. at 6.)

       In his reply, plaintiff argues that his proposed amended complaint "does not

substantially change the facts underlying the claims . . . . [and] seeks to clarify the claims with

simple language in an effort to prevent misunderstanding."  (Reply at 2-3.)  Plaintiff explains that

his original complaint was prepared by an inmate "who represented himself to be one qualified to

assist others in civil matters."  (Id. at 2.)  Plaintiff states that inadequate assistance he has

1   received from other inmates has resulted in "rediculues [sic] responses to reasonable discovery

2   requests" and "revealed dramatic errors requiring amendment." (Id. at 3.)  Plaintiff argues that

3   the discovery already conducted by defendants should be sufficient to allow the action to proceed

4   on his proposed amended complaint, but also concedes that, "nonetheless, some additional

5   discovery is often required whenever a pleading is amended." (Id. at 5.)  Lastly, plaintiff argues

6   that defendants have not shown that they will be unduly prejudiced by his proposed amendment

7   of the complaint and that any concern about the fading memories of witnesses can be "secured in

8   discovery and the defendant always has the option of deposing any party to further secure." (Id.)

9           The court finds the defendants' arguments in opposing plaintiff's belated motion

10  for leave to amend to be persuasive.  The Federal Rules of Civil Procedure provide that a party

11  may amend his or her pleading "once as a matter of course at any time before a responsive

12  pleading is served." Fed. R. Civ. P. 15(a).  In this case, an answer was filed by defendants Fecht,

13  Ferguson, Fox and Montes on June 24, 2010.  Defendant McClure filed his answer on July 9,

14  2010.  Thus, under Rule 15(a)(2), plaintiff may amend his complaint at this point only with

15  opposing party's written consent or with leave of court.  Although Rule 15(a)(2) requires that

16  leave to amend "be freely given when justice so requires[,]" it is within the court's discretion to

17  deny such leave to amend when there has been "undue delay, bad faith or dilatory motive on the

18  part of the movant, repeated failure to cure deficiencies by amendments previously allowed,

19  undue prejudice for the opposing party by virtue of allowance of the amendment, futility of

20  amendment, etc." Forman v. Davis, 371 U.S. 178, 182 (1962). See also AmerisourceBergen

21  Corp. v. Dialysist West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (holding that the court need not

22  grant leave to amend where the amendment prejudices the opposing party, is sought in bad faith,

23  produces undue delay in the litigation, or would be futile).

24          To allow amendments at this late stage of this litigation would prejudice

25  defendants and cause undue delay in the resolution of this action.  Plaintiff has offered no valid

26  explanation as to why he waited sixteen months after initiating this action to seek leave to amend

his complaint.  In this regard, the exhibits attached to plaintiff's complaint demonstrate that he was aware of the actions of proposed new defendants Singh and Haviland when he filed his original complaint with this court.

Moreover, it appears that plaintiff's proposed amendments would be futile.  In his proposed amended complaint plaintiff seeks to add Singh and Haviland as defendants with respect to his claim that he was denied access to the courts and his right to petition for redress of grievances.  However, Singh and Haviland's only involvement in this matter, according to plaintiff's own exhibits attached to his original complaint, was to refer plaintiff's staff complaint to the Office of Internal Affairs, and Singh's approval of the partial grant of plaintiff inmate appeal at the first level of review.  (Doc. No. 1 at 30, 43-46.)  Such allegations do not suffice to state a cognizable claim for denial of access to the courts or the right to petition for redress of grievances.

In his proposed amended complaint plaintiff appears to allege that  Dr. Galang and Dr. Dowbak violated his right to access the courts and to petition for redress of grievances because they "conspire[d] to retaliate against Mr. Guerrero with other named Defendants by opining, contrary to his medical records and history that Plaintiff did not sustain the injuried [sic] as described on April 22, 2009."  (Doc. No. 41 at 5-6.)  Plaintiff's mere allegation that the diagnosis of Drs. Galang and Dowbak with respect to his wrist and forearm did not support his claim that defendant McClure injured plaintiff by using excessive force against him, is insufficient to state any cognizable civil rights claim against those doctors.

For all of these reasons, plaintiff's belated motion for leave to file an amended complaint will be denied.[10]  Although plaintiff's motion to amend his complaint to add additional

_____

[10]  A motion for leave to file an amended complaint is a nondispositive motion.  U.S. Dominator v. Factory Ship, 768 F. 2d 1099, 1102 n.1 (9th Cir. 1985), superseded by statute on other grounds.  See also Cazares v. Morris, No. CV-09-2168-PHX-ROS (LOA), 2011 WL 2414543 at *2 (D. Ariz. June 16, 2011) (holding that pro se plaintiff's motion to  file a second amended complaint is a nondispositive matter that may be ruled on by a magistrate judge).

1  defendants and/or claims is being denied by this motion, that does not prevent plaintiff from

2  seeking to voluntarily dismiss any defendant or request for relief from his complaint.  Under Rule

3  41 of the Federal Rules of Civil Procedure he may do so by stipulation signed by all parties who

4  have appeared in this action or, if he cannot obtain such a stipulation by filing a motion seeking a

5  court order allowing such a dismissal.  Indeed, plaintiff is encouraged to seek dismissal of

6  defendants, claims or requests for relief set forth in his original complaint which he no longer

7  wishes to pursue.

8                                                    **CONCLUSION**

9              In accordance with the above, IT IS HEREBY ORDERED that:

10             1.  Defendant McClure's August 30, 2010 motion to compel (Doc. No. 27) is

11 granted;

12             2.  Plaintiff's September 16, 2010 motion for a legal assistant (Doc. No. 30) is

13 denied;

14             3.  Defendant Fecht's September 24, 2010 motion to compel (Doc. No. 31) is

15 granted as to the interrogatories and denied as to the request for admission;

16             4.  Defendant Ferguson's September 24, 2010 motion to compel (Doc. No. 32) is

17 granted as to the interrogatories and denied as to the request for admission;

18             5.  Defendant Fox's September 24, 2010 motion to compel (Doc. No. 33) is

19 granted as to the interrogatories and denied as to the request for admissions;

20             6.  Defendant Montes's September 24, 2010 motion to compel (Doc. No. 34) is

21 granted as to the interrogatories and denied as to the request for admissions;

22             7.  All of the defendants' requests for an order requiring plaintiff to pay expenses

23 incurred by them in bringing their various motions to compel are denied at this time;

24             8.  Within thirty days from the service of this order, plaintiff shall provide his

25 supplemental responses as ordered above and is cautioned that should he fail to comply with this

26 /////

1   order, the court will entertain future motions by the defendants for the imposition of sanctions,

2   including possible dismissal of this action;

3        9.  No later than November 18, 2011, defendants may depose plaintiff, as set forth

4   in the court's June 29, 2010 discovery and scheduling order; any motion to compel discovery

5   shall be filed and served by that date; the deadline for the conducting of any other discovery in

6   this action has expired under that scheduling order; and

7        10.  All pretrial motions, except motions to compel discovery, shall be filed and

8   served on or before January 20, 2012.  Motions shall be briefed in accordance with paragraph 7

9   of this court's order filed March 9, 2010.

10  DATED: September 28, 2011.

11

12   _____

13  DAD:4                          DALE A. DROZD
    guer0318.mtc                   UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26