IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES ANTHONY GUERRERO,

    Plaintiff,                  No. 2:10-cv-00318-GEB-DAD P

    vs.

S. McCLURE, et al.,

    Defendants.             <u>ORDER</u>

         Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On January 20, 2012, counsel on behalf of defendant McClure filed a motion for summary judgment.[1] Thereafter, on February 28, 2012, counsel on behalf of defendants Ferguson, Fecht and Fox filed their own motion for summary judgment.[2] Plaintiff filed his oppositions to both motions, defendants filed their replies and plaintiff the filed unauthorized replies to both summary judgment motions. However, after this briefing was completed, the Ninth Circuit issued its decision in <u>Woods v. Carey</u>, 684 F.3d 934, ___, 2012 WL 2626912, at *5

---

[1] Defendant McClure is represented by attorney Matthew Wilson of Williams & Associates.

[2] Defendants Ferguson, Fecht and Fox are represented by Deputy Attorney General Michelle Angus

1

1   (9th Cir. 2012) in which the court held that a pro se prisoner plaintiff be provided notice of the
2   requirements for opposing a motion for summary judgment at the time the summary judgment
3   motion is filed.  Since such notice was not provided at the time the summary judgments were
4   filed[3], the pending summary judgment motions will be denied without prejudice and the court
5   will entertain a re-newed motions for summary judgment filed on behalf of defendants which
6   incorporate by reference the motion for summary judgment, points of authorities and documents
7   or other evidence previously filed by defendants.[4]  With their re-newed motions for summary
8   judgment, defendants shall also file and serve the notice required by Woods, using the language
9   employed by the court in its March 9, 2010 order.
10          On June 6, 2012, counsel on behalf of defendants Ferguson, Fecht and Fox filed a
11  request to strike plaintiff's surreply[5] to defendants' motion for summary judgment.  In light of the
12  court's denial of the defendants' motions for summary judgment without prejudice, that request
13  will be denied as moot.  However, plaintiff is advised that Local Rule 230(l) provides that the
14  non-moving party may file an opposition and the moving party may file a reply to the opposition.
15  However, there is no provision that allows the non-moving party to file a reply, response or
16  surreply without a court order.  See E.D. Local Rule 320(l).  Therefore, plaintiff should consider
17  including in any opposition he elects to file to the anticipated motions any arguments that were
18  raised by him originally in his surreply.

---

[3] The notice previously required under the holding in Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998) (en banc) was previously provided to plaintiff in the court's order filed on March 9, 2010. (Doc. No. 11.)

[4] On July 25, 2012, counsel on behalf of defendants Fecht, Ferguson and Fox filed a Rand notice and requested that plaintiff be provided an opportunity to file a supplemental opposition to the pending summary judgment motions and defendants have the opportunity to file a reply. (Doc. No. 79.)  In light of the Woods decision, the court has elected to instead proceed in this case as outlined above.

[5] Plaintiff's surreply was titled, "Plaintiff's Response To Defendants [sic] Reply To Opposition To Defendants Ferguson, Fecht And Fox's Motion For Summary Judgment." (Doc. No. 77.)

Accordingly, IT IS HEREBY ORDERED that:

1. The motion for summary judgment filed January 20, 2012 (Doc. No. 52) on behalf of defendant McClure, is denied without prejudice;

2. The motion for summary judgment filed February 28, 2012 (Doc. No. 60) on behalf of defendants Fecht, Ferguson and Fox's is denied without prejudice; and

3. The request to strike plaintiff's surreply (Doc. No. 78) filed on behalf of defendants Fecht, Ferguson and Fox's June 6, 2012 is denied as moot; and

4. Within fourteen days from the service of this order, defendants shall file any re-newed motions for summary judgment including the notice to plaintiff required by the decisions in Woods v. Carey, 684 F.3d 934, ___, 2012 WL 2626912, at *5 (9th Cir. 2012) and Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998) (en banc), utilizing the language contained in the court's order filed on March 9, 2010. (Doc. No. 11.)  Plaintiff shall file his opposition within twenty-one days after service of the motion for summary judgment, and defendants' reply, if any, shall be filed within seven days after the opposition is served.  Failure to timely oppose a motion for summary judgment may be deemed a waiver of opposition to the motion.  See L.R. 230(l).

DATED: August 2, 2012.

_Dale A. Drozd_
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
guer318.woods